

**IT IS ORDERED as set forth below:**

Date: May 5, 2014

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: § § | CHAPTER 13 |
| KEVIN EDWARDS, § § | |
| § | CASE NO. 14-55637-jrs |
| Debtor. § | |
| ------------------------------------------------------- § | ------------------------------------------ |
| CREDIT UNION OF ATLANTA, § § | |
| Movant, § | |
| v. § | |
| § | CONTESTED MATTER |
| KEVIN EDWARDS, Respondent, § § | |
| ADAM M. GOODMAN, Trustee. § | |

**CONSENT ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

CREDIT UNION OF ATLANTA (CUA) filed a Motion for Relief from Automatic Stay on March 28, 2014 (Document No. 13). Said Motion was scheduled for hearing April 24, 2014.

CUA retains a security interest in a 2005 Bentley Continental GT, VIN: SCBCR63W75C025105 ("Property").

CUA filed the Motion for Relief from Automatic Stay based upon Debtor's failure to make

payments pursuant to the terms of Loan No. xxx0705-145 and Loan No. xxx0705-147.

The parties agree that Movant shall amend both of its claims to provide for each as fully secured and cross-collateralized with 15% interest.

The parties agree that Movant shall amend one of its claims to include $450.00 attorneys' fees.

The parties agree that the value of the Property shall be shown as $107,400.00.

The parties agree that Debtor shall amend the Plan to reflect payment in full of both claims as fully secured with 15% interest.

The parties agree that the lien on the Property will only be released if Movant has been paid in full.

The parties agree that Debtor must maintain full coverage insurance on the Property at all times with CUA listed as loss payee.

Upon delinquency by Debtor in the terms as set forth above, CUA may be permitted to recover and dispose of the Property pursuant to applicable state law only after submitting a **Delinquency Motion** (as more particularly described below) and the entry of an order **modifying** the automatic stay of 11 U.S.C. §362 in the following manner:

(A)  Counsel for CUA shall serve both Debtor and Debtor's counsel of record with written notice of the specific facts of the delinquency (the "**Delinquency Notice**"); said notice may be contained in a letter but shall

(1)  state that Debtor may cure the delinquency within five (5) calendar days of receipt of said notice, and

(2)  specifically provide the correct street address for mailing or delivering such payment;

Pursuant to this Order, Debtor shall be presumed to have received the Delinquency Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel for CUA; provided, however, that

(a) the Delinquency Notice is properly addressed to Debtor at the address set forth on the Distribution List attached to this Order pursuant to BLR 9013-2(b) NDGa, unless CUA or Counsel for CUA receives notice in writing of a change in Debtor's address within a reasonable time prior to mailing of the Delinquency Notice; and

(b) the Delinquency Notice is not returned to counsel for CUA by the U.S. Postal Service as undeliverable by reason of improper address.

(B) If Debtor fails to cure the delinquency within five (5) days of receipt of said written notice, Counsel for CUA may present to the Court, after service on both Debtor and Debtor's Counsel:

(1) **a motion**, which must contain allegations of the specific facts of the delinquency; provided, however, that, instead of alleging the facts of the delinquency in the motion (the averments of which are subject to Rule 9011), the motion may be accompanied by an affidavit from CUA setting forth the specific facts of the delinquency;

(2) a copy of the **Delinquency Notice**, together with

(3) **a proposed order** (the motion, copy of the Delinquency Notice and the proposed order are herein collectively referred to as the "**Delinquency Motion**").

Upon presentation of said Delinquency Motion the Court **may** enter an order modifying the stay as to the Property, without further notice or hearing.  It is further

ORDERED that if the stay is modified, then should CUA take possession and dispose of the

Property, any sales proceeds in excess of the lawful payoff due CUA under its Note and applicable law shall be promptly remitted to Trustee herein for the benefit of the Estate. Should a deficiency remain after the disposition of the Property, CUA shall be entitled to file an amended claim for such deficiency, subject to objection by Debtor.

The "no opposition" of the Trustee and the Court's entry of this order are without prejudice to the Trustee's rights to object to the confirmation of the Plan based on the treatment of the Movant and shall not be *res judicata* or rule of the case that the treatment set out in this order is acceptable for purposes of plan confirmation.

It is ORDERED that the Agreement between the parties is made the Order of this Court.

**END OF DOCUMENT**

| Prepared and Submitted by: | Consented to by: |
|---|---|
| /s/Paul J. Morochnik | /s/Leonard R. Medley, III |
| Georgia Bar No. 526465 | Georgia Bar No. 500685 |
| Weissmann Zucker Euster Morochnik P.C. | Medley & Associates, LLC |
| One Securities Centre | Suite 1770 – Bldg. 2 |
| 3490 Piedmont Road, Suite 650 | 2727 Paces Ferry Road |
| Atlanta, Georgia 30305 | Atlanta, Georgia 30339 |
| (404) 364-2300 | (770) 319-7592 |
| Attorney for Movant | Attorney for Debtor |

No Opposition:

/s/Jason L. Rogers
Georgia Bar No. 142575
Trustee Adam M. Goodman

DISBTRIBUTION LIST

|  |  |
|---|---|
| DEBTOR: | Kevin Edwards<br>270 17th Street<br>Unit 3904<br>Atlanta, Georgia 30363 |
| DEBTOR'S ATTORNEY: | Leonard R. Medley, III<br>Medley & Associates, LLC<br>Suite 1770 – Bldg. 2<br>2727 Paces Ferry Road<br>Atlanta, Georgia 30339 |
| CHAPTER 7 TRUSTEE: | Jason L. Rogers<br>Adam M. Goodman, 13 Trustee<br>Suite 200<br>260 Peachtree Street<br>Atlanta, Georgia 30303 |
| MOVANT'S ATTORNEY: | Paul J. Morochnik<br>Weissmann Zucker Euster Morochnik PC<br>Suite 650<br>3490 Piedmont Road<br>Atlanta, Georgia 30305 |