UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| KEVIN EDWARDS, | ) | |
| | ) | CASE NO. 14-55637-JRS |
| | ) | |
| DEBTOR. | ) | |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION OF PLAN & MOTION TO DISMISS CASE**

COMES NOW Adam M. Goodman, Chapter 13 Trustee, and Objects to Confirmation of the Plan and files this Motion to Dismiss Case under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. Debtor has failed to attend the 11 U.S.C. Section 341 Hearing.

2. The Debtor has failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

3. The Plan, as proposed, will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

4. The Debtor has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

5. The Chapter 13 Plan fails to provide complete information on the treatment of the claim of Credit Union of Atlanta (second secured claim), preventing the Trustee from properly administering the Plan.

6. Debtor is self-employed; however, the Chapter 13 budget and schedules do not include an itemization for business expenses; thereby preventing the Trustee from fully evaluating good faith, feasibility, and/or disposable income, in violation of 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), 1325(a)(7), and 1325(b).

Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

7. Debtor has failed to return either completed Cash Flow Reports or Questionnaire to Business Debtor. The Trustee is unable to determine whether proposed Plan complies with 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), and 1325(b)(1)(B).

8. In accordance with General Order No. 6-2006 and the annexed Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $7,100.00 self-employment income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

9. The Debtor's Chapter 13 zero percent (0%) composition Plan proposes to pay an automobile debt of $65,000.00 plus 16.7% interest. As the auto debt represents a majority of the debt to be funded in the Plan, and there is no meaningful return to the unsecured creditors, it appears that the Debtor is attempting to refinance an auto purchase through the Chapter 13 Plan; thereby indicating a lack of good faith in proposing the instant repayment Plan. The Debtor is contributing an excessive amount of disposable income toward the automobile debt, in violation of 11 U.S.C. Sections 1325(a)(3), 1325 (b)(1)(B) and 1325(a)(7).

10. The Chapter 13 Budget included with the schedules reflect a monthly disposable income of $1,875.00; however, only $1,797.39 per month is proposed to be remitted to the Plan, thereby indicating a lack of good faith in proposing the instant repayment Plan, 11 U.S.C. Section 1325(a)(3).

11. All prior bankruptcy cases of the Debtor, or pending related bankruptcy cases, may not have been disclosed (07-67316); thereby, indicating a lack of good faith in proposing the instant repayment plan, possibly in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(a)(7).

12. The Debtor has failed to properly schedule and notify Kompany Inc. and RND Consulting, in violation of 11 U.S.C. Section 342 and the Federal Rules of Bankruptcy Procedure Rule 1007. The Debtor Schedules and mailing matrix should be amended to include the creditor's complete address, and Debtor should provide proof that the creditor has been served.

13. The Plan has not been amended to comply with the Consent Order entered on May 6, 2014 (Doc. No. 18).

WHEREFORE, Trustee moves this Honorable Court to inquire into the above Objections to Confirmation of Plan and Motion to Dismiss Case at the separately scheduled and noticed Confirmation Hearing, deny Confirmation of the Chapter 13 Plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/William A. Bozarth
William A. Bozarth
GA Bar No. 940530
Attorney for Standing Chapter 13 Trustee

Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| KEVIN EDWARDS, ) | |
| ) | CASE NO. 14-55637-JRS |
| ) | |
| DEBTOR. ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served

DEBTOR:

    KEVIN EDWARDS
    270 17TH STREET
    UNIT 3904
    ATLANTA, GA 30363

ATTORNEY FOR DEBTOR:

    MEDLEY & ASSOCIATES
    2727 PACES FERRY ROAD
    BLDG. 2, SUITE 1770
    ATLANTA, GA 30339

the above in the foregoing matter with a copy of this Objection to Confirmation of Plan and Motion to Dismiss Case by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 4th day of June 2014.


/s/William A. Bozarth
William A. Bozarth
GA Bar No. 940530
Attorney for Standing Chapter 13 Trustee


Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444